# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| VERA PALMER, | ) |
| Petitioner, | ) |
| vs. | ) Case number 4:06cv0391 TCM |
| CYNDI PRUDDEN, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This 28 U.S.C. § 2254 petition, filed by Vera Palmer, a Missouri prisoner serving an aggregate sentence of life imprisonment without the possibility of probation or parole, is before the Court[1] on an argument by respondent, Cyndi Prudden, that it is untimely filed by six days.

The following dates are dispositive of the timeliness question. Petitioner's direct criminal appeal was denied by the Missouri Court of Appeals on September 2, 2003. State v. Palmer, 113 S.W.3d 692 (Mo.Ct.App. 2003) (per curiam). The mandate issued September 25. Petitioner did not seek a transfer to the Missouri Supreme Court or petition the United States Supreme Court for a writ of certiorari. On November 18, Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. This motion was denied on April 29, 2004. Petitioner appealed on June 8. Her motion to file a late notice of

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

appeal was granted on September 3. Her appeal was denied on March 29, 2005. On April 21, the Missouri Court of Appeals issued its mandate.

On February 24, 2006, Petitioner filed the instant petition.

Respondent argues that the petition was filed six days too late. Specifically, the one-year statute of limitations in 28 U.S.C. § 2244(d) ran for the 62 days between September 17, 2003, and November 18, 2003, and for the 303 days between April 21, 2005, until February 18, 2006.

Title 28 U.S.C. § 2244(d) provides, in relevant part, as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . .

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent correctly notes that the statute of limitations ran during the period between the conclusion of Petitioner's direct criminal appeal and the filing of her state motion for post-conviction relief. See **Maghee v. Ault**, 410 F.3d 473, 476 (8th Cir. 2005) (state proceedings are not pending for the time period between conviction and appeal, if any,

- 2 -

and filing of an application for state post-conviction relief). Respondent is incorrect, however, in employing September 17, 2003,[2] as the starting date.

When considering the question of when an appeal had ended for purposes of § 2244(d)(2), the Eighth Circuit Court of Appeals noted that "[t]he Missouri Court of Appeals has repeatedly held that an appeal is not complete or final until the mandate is issued." **Payne v. Kemna**, 441 F.3d 570, 572 (8th Cir. 2006) (alteration added). Although the court's holding that the time between opinion and mandate tolls the statute of limitations was in the context of determining when that statute began to run after the conclusion of post-conviction proceedings, logic would require the application of its holding to the time between opinion and mandate in a direct criminal appeal. See **Pierson v. Dormire**, 2006 WL 839222, *3 (E.D. Mo. Mar. 29, 2006) (running statute of limitations in case in which petitioner did not seek discretionary review from state supreme court from issuance of appellate court's mandate in direct criminal appeal). Its application in the instant case subtracts an additional 8 days – the difference between September 25 and September 17 – from the running of the statue of limitation, making the instant petition timely filed by two days.

For the foregoing reasons, the Court finds the instant petition to have been timely filed.

---

[2]Presumably, Respondent employs the September 17th date because an application for a transfer of an appeal from the Missouri Court of Appeals to the Missouri Supreme Court must be made within fifteen days after the appellate court's opinion. See Mo.S.Ct.R. 83.02, 83.04. No application was filed in the instant case.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent is to file within **forty-five (45) days of this Order** an amended Response to this Court's Show Cause Order of March 27, 2006.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  11th  day of July, 2006.